```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

SCOTT LAURENT                                      CIVIL ACTION

VERSUS                                             NO: 14-2022

CITY OF NEW ORLEANS, ET AL                         SECTION: J(5)
```

### ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 17)** filed by Plaintiff, Scott Laurent ("Plaintiff"), as well as an *Opposition* **(Rec. Doc. 28)** by Defendant, General Electric ("GE"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motions should be **DENIED.**

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff is the son and only child of decedent Frederick J. Laurent ("Decedent"), who died of mesothelioma, caused by exposure to asbestos. Plaintiff originally filed this wrongful death and survival action in the Civil District Court of the Parish of Orleans, State of Louisiana on July 24, 2014. During Decedent's lifetime, he was a member of the United States Naval Reserve and worked aboard a number of naval vessels, including the USS KENNETH M. WILLETT, the USS HAAS, and the USS WOODSON in the boiler rooms. (Rec. Doc. 28-1, p. 5). Plaintiff named GE and CBS as two of

1

several defendants in this lawsuit,[1] alleging that both GE and CBS manufactured and distributed to the Navy asbestos-containing turbines and equipment, to which Decedent was exposed while working aboard the aforementioned naval vessels. Plaintiff further contends that both companies incurred liability by failing to "warn decedent of the dangers of asbestos exposure while working aboard the naval vessels." (Rec. Doc. 1-1, p. 7).

GE removed this action to this Court on September 4, 2014, asserting that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). Defendant CBS Corporation, formerly known as Westinghouse ("CBS"), filed a memorandum joining in GE's removal of the claim, also claiming that removal is proper pursuant to § 1442(a)(1). Plaintiff filed the instant motion on September 23, 2014, seeking that the matter be remanded to state court.

## PARTIES' ARGUMENTS

Plaintiff contends that GE's removal of this matter pursuant to 28 U.S.C. § 1442(a)(1) was improper because GE failed to submit "any evidence that it supplied any equipment" to the naval vessels on which Decedent worked. Moreover, Plaintiff also argues that GE failed to show that it designed and constructed the equipment it allegedly supplied in accordance with U.S. Navy specifications.

---

[1] The other defendants in this matter are: City of New Orleans, Gentilly Racing Corporation, Ford Motor Company, Toyota Motor Sales USA, Inc., Daimler North America Corporation, Volkswagon of America, Inc., BMW of North America, Inc., American Honda Motor Company, Inc., Anco Insulations, Inc., the McCarty Corporation, Taylor-Seidenbach, Inc., and Foster Wheeler LLC.

2

Because of this lack of evidence, Plaintiff argues that this Court does not have valid subject matter jurisdiction to hear this matter pursuant to 28 U.S.C. § 1442 .

GE argues that the Court should interpret 28 U.S.C. § 1442 to favor removal. GE also contends that at this stage in the litigation, it is not required to provide any documentation affirmatively establishing that it supplied turbines or equipment to the naval vessels or that this equipment was manufactured and supplied pursuant to federal regulation. GE also notes that Plaintiff failed to address the memorandum filed by CBS joining in GE's removal, in which CBS set forth specific evidence regarding the level of the Navy's oversight in its manufacture and supply of turbines for use aboard the naval vessels in question. As such, GE asks the Court to find that removal was proper pursuant to 28 U.S.C. § 1442 , and that a remand of the matter to state court at this stage in the proceedings is not appropriate.

## DISCUSSION

28 U.S.C. § 1442, the Federal Officer Removal Statute, permits the removal of any civil or criminal action brought in state court when the defendant in the matter is:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). The Fifth Circuit has recognized that the purpose of removal pursuant to this statute is to "ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties," and that "this right is not to be frustrated by a grudgingly narrow interpretation of the removal statute." *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir. 1998). The removing defendant has the burden of establishing the existence of federal jurisdiction. *Id.* at 398. Removal under § 1442(a)(1) is proper only when the defendant: (1) is a "person" within the meaning of the statute, (2) who acted under color of federal authority when he committed the acts that allegedly led to the plaintiff's injuries, and (3) has a "colorable federal defense." *Mesa v. California*, 489 U.S. 121 at 131-32 (1989); *Winters*, 149 F.3d at 398.

Plaintiff asserts that GE was not entitled to remove the matter pursuant to § 1442(a)(1), because GE has failed to show that it delivered any turbines or equipment to any of the naval vessels aboard which Decedent worked during his lifetime. Plaintiff also maintains that even if GE has proven to have supplied this equipment, it has failed to provide documentation or other evidence that this equipment was manufactured and provided in accordance with U.S. Navy Standards.

As noted by GE, both the Supreme Court of the United States, as well as courts within the Fifth Circuit, have recognized that §

4

1442(a)(1) deserves a broad application. *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969) (finding that the policy behind § 1442(a)(1) should "not be frustrated by a narrow, grudging interpretation."); *see also Winters*, 149 F.3d at 398; *Joseph v. Fluor Corp.*, 513 F.Supp.2d 664, 671 (E.D. La. 2007) (Zainey, J.) ("the federal officer removal statute must be broadly construed."). Moreover, the "Court must interpret the statute liberally, resolving any factual disputes in favor of federal jurisdiction." *Joseph*, 513 F.Supp.2d at 671.

### 1. Person Under § 1442(a)(1)

The Fifth Circuit has recognized that corporate entities may qualify as persons under 28 U.S.C. § 1442. *Winters*, 149 F.3d at 398; *see also Dupre v. Todd Shipyards Corp.*, No. 11-2097, 2011 WL 4551439, at *5 (E.D. La. Sept. 29, 2011) (Zainey, J.). Moreover, this Court has previously expressly found that both GE and CBS qualify as persons within the meaning of the statute. *Najolia v. Northrop Grumman Ship Systems, Inc.*, 883 F.Supp.2d 646, 652 (E.D. La. 2012) (Barbier, J.)(citing *Dupre*, 2011 WL 4551439, at *5)). As such, there is no question that the first prong of the analysis is satisfied.

### 2. Federal Direction & Causal Nexus

In order to satisfy the second prong of the analysis, this Court has required that a defendant "demonstrate that [he] acted pursuant to a federal officer's directions and that a causal nexus

5

exists between the defendant['s] actions under color of federal office and the plaintiffs' claims." *Dupre*, 2011 WL 4551439, at *5. GE asserts that it has satisfied this prong, because its conduct in providing equipment to the U.S. Navy was "in compliance with federal regulations and instructions including, but not limited to, those issued by the Department of Defense, the Secretary of the Navy, and the Navy and its officers." (Rec. Doc. 1, p. 4). Plaintiff contends that this mere assertion is insufficient, without documented evidence, to show that Plaintiff acted under the direction of a federal officer by providing compliant equipment to be used aboard naval vessels.

Plaintiff is correct in its contention that GE has failed to provide the Court with necessary documentation regarding the level of federal oversight of GE's supply of equipment and turbines to the Navy. However, Plaintiff does not address the substantial evidence provided by CBS in its memorandum joining in GE's removal. Plaintiff alleges that CBS, like GE, failed to properly warn of the health consequences of asbestos-containing products which it supplied to the Navy, and to which Decedent was ultimately exposed. (Rec. Doc. 1-1, p. 6-7). Unlike GE, however, CBS has provided the Court with specific documented evidence regarding the Navy's oversight and direction in CBS's production of equipment and turbines used aboard the naval vessels. For instance, Plaintiff points to an affidavit of Roger B. Horne, Jr., a U.S. Navy Rear

Admiral, which attests to the fact that CBS "designed, manufactured, and supplied said turbines in accordance with precise, detailed, design specifications . . . which were promulgated and/or specifically reviewed and approved by the Navy through one or more of its officers." (Rec. Doc. 8, p. 3). This affidavit also supports CBS's contention that "at all times relevant to this case, one or more Navy officers were resident at Westinghouse's manufacturing facility, personally overseeing the manufacturing process and enforcing Westinghouse's full compliance with the Navy's [design specifications]." (Rec. Doc. 8, p. 3). CBS further notes that Admiral Horne attests to the fact that the Navy's own design specifications called for the use of asbestos in CBS's turbines, and that the Navy reserved final authority over the contents of all warnings associated with the turbines produced by CBS. (Rec. Doc. 8, p. 3-5).

Plaintiff points to a recent decision in which this Court found that removal of an asbestos claim was proper pursuant to § 1442(a)(1) when the defendant "provided documentation that it provided propulsion turbines and auxiliary turbines in accordance with military specifications for the vessel in question." (Rec. Doc. 17-1, p. 3) (citing *Najolia*, 883 F.Supp.2d at 653). Plaintiff further mistakenly asserts that "none of that has been done here." (Rec. Doc. 17-1, p. 3). However, similarly to the defendant in *Najolia*, CBS has provided declarations and affidavits of Navy

officers attesting to the specific directions imposed upon CBS in manufacturing and distributing turbines and equipment to the Navy. Additionally, this Court has found that in failure to warn claims when a defendant manufactures equipment or turbines "pursuant to stringent naval specifications, and the warnings [are] governed by Navy guidelines," the causal nexus between the federal direction and a plaintiff's failure to warn claim is "axiomatic." *Najolia*, 883 F.Supp.2d at 659 (citing *Madden v. Able Supply Co.*, 205 F.Supp.2d 695, 701 (S.D. Tex. 2002)).

As such, the Court finds this documentation to be sufficient to demonstrate that CBS acted pursuant to the direction of a federal officer, and that a causal nexus exists between the Navy's direction and Plaintiff's failure to warn claims.

**3. Colorable Federal Defense**

Both GE and CBS invoke government contractor immunity as a defense to Plaintiff's claims. (Rec. Doc. 1, p. 5; Rec. Doc. 24, p. 11). The Supreme Court of the United States explained this defense, stating that:

> Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

*Boyle v. United Techs Corp.*, 487 U.S. 500, 512 (1988).

As noted by GE, a motion to remand is not the proper mechanism

8

by which to litigate a defendant's defense, and as such, in analyzing the propriety of removal under § 1442(a)(1), a defendant "need not prove the asserted defense, but need only articulate its 'colorable' applicability to the plaintiff's claims." *Winters*, 149 F.3d at 387. Both GE and CBS have alleged that the Navy imposed precise specifications to which both companies conformed their manufacture of the turbines, including the use of asbestos in the manufacturing process. Because Plaintiff has not specifically disputed the existence of a colorable federal defense, a detailed analysis of the defendants' government contractor immunity defense is unnecessary.

Because GE and CBS have demonstrated that: (1) they are persons within the meaning of 28 U.S.C. § 1442(a)(1), (2) CBS acted under the direction of a federal officer, and (3) that they have a colorable federal defense, the Court finds that removal of this matter was proper under 28 U.S.C. § 1442(a)(1).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Remand* **(Rec. Doc. 17)** is **DENIED.**

New Orleans, Louisiana this 23rd day of October, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE