UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LAURENT                                          CIVIL ACTION

VERSUS                                           NO: 14-2022

NEW ORLEANS CITY ET AL.                          SECTION: "J" (5)


### ORDER & REASONS

Before the Court is Defendants BMW of North America, LLC (BMW), Daimler North America Corporation (Daimler), and Volkswagen Group of America (VW)'s *Motion for Summary Judgment* **(Rec. Doc. 49)** and Plaintiff Scott Laurent's opposition thereto. (Rec. Doc. 50) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

This litigation derives from the December 10, 2013, death of Plaintiff's father, Frederick Laurent (Mr. Laurent), after he contracted mesothelioma as a result of exposure to asbestos. (Rec. Doc. 1) Mr. Laurent allegedly was exposed to asbestos while working for the City of New Orleans' brake tag station from 1958 until 1986; at Gentilly Racing's Fair Grounds from 1970 to 1977; and as a member of the United States Naval Reserve in the 1950s and 1960s. (Rec. Doc. 1, Ex. B, ¶¶ VI-XXXIX; Rec.

Doc. 50, p. 2) Plaintiff alleges that when Mr. Laurent was working at the brake tag station, he was exposed to asbestos from brakes manufactured by Defendants BMW, Daimler, and VW, among others. (Rec. Docs. 1, 49-1, 50)

Plaintiff brought his wrongful death and survival action in Louisiana state court against BMW, Daimler, VW, and others on July 24, 2014. (Rec. Doc. 1, Ex. B) The case was removed to this Court on September 4, 2014. (Rec. Doc. 1) This Court denied Plaintiff's motion to remand on October 23, 2014. (Rec. Docs. 17, 32)

On January 30, 2015, Defendants filed the instant *Motion for Summary Judgment*. **(Rec. Doc. 49)** Plaintiff opposed the motion on February 11, 2015. (Rec. Doc. 50)

## PARTIES' ARGUMENTS

Defendants argue that they are entitled to judgment as a matter of law for two main reasons. First, Plaintiff presents only the possibility that Mr. Laurent was exposed to asbestos from their products. Plaintiff filed suit against BMW, Daimler, and VW because he believes that "all types of cars went through" the brake tag station during the period in which his father was employed there. (Rec. Docs. 49-1, p. 3; id. Ex. A, p. 86-87) Mr. Laurent was not deposed prior to his passing, and Plaintiff cannot name any of Mr. Laurent's coworkers from the brake tag station. (Rec. Docs. 49-1; id. Ex. A, p. 68) Defendants argue

2

that the existence of the "aftermarket" for car parts further complicates Plaintiff's burden here; even if Plaintiff could prove that Mr. Laurent inspected Defendants' cars, he could not prove that those cars contained Defendants' brakes. (Rec. Doc. 49-1, pp. 3-4) Second, Plaintiff cannot meet his burden under Louisiana's "substantial factor" test because any exposure to Defendants' products could only constitute a trivial factor in the development of Mr. Laurent's disease. Id. at 4-9. Additionally, Plaintiff cannot rely on alternative theories of liability, such as market share liability, because they are not recognized under Louisiana substantive law. Id. at 9-10.

Plaintiff argues that numerous issues of fact remain disputed such that summary judgment is inappropriate at this time. (Rec. Doc. 50) Plaintiff asserts that "the evidence strongly shows the defendants' vehicles did pass through the brake tag station" when Mr. Laurent was employed there. Id. at 2. Plaintiff argues that strict liability, rather than the Louisiana Product Liability Act (LPLA), applies in this case because Mr. Laurent worked at the brake tag station before the LPLA was enacted and the LPLA is not retroactive. Id. at 3-4. Plaintiff also argues that Mr. Laurent's exposure to asbestos during the twenty-eight years over which he worked at the brake tag station certainly could constitute a "substantial factor" in Mr. Laurent's development of mesothelioma. Id. at 4-5. Finally,

Plaintiff avers that the parties have yet to engage in any "meaningful" discovery and that no expert reports have been submitted. Id. at 5.

## LEGAL STANDARD

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. Id. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. Id. "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." Weber v. Roadway Exp., Inc., 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by

only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *[The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" Little, 37 F.3d at 1075 (emphasis in original)(citations omitted).

## DISCUSSION

To prevail on his claim against Defendants BMW, Daimler, and VW, Plaintiff must prove that Mr. Laurent was exposed to asbestos from Defendants' products. Defendants correctly assert that this burden requires something more than Plaintiff's "belief" that "all types of cars" went through the brake tag station during Mr. Laurent's employment there. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(finding that nonmoving party may not rest on the pleadings in opposing a motion for summary judgment); Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)(finding that once the moving party has carried its burden under FED. R. CIV. P. 56(c), the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). Although Plaintiff's opposition insists that "the evidence strongly shows the defendants' vehicles did pass through the brake tag station," Plaintiff does not actually produce any

5

evidence—admissible or otherwise—to support that contention. Nor does he raise a genuine dispute of fact as to whether Mr. Laurent was exposed to any asbestos-containing products, i.e. brakes, Defendants may have manufactured. Further, although Plaintiff alludes to the fact that he has not conducted any "meaningful discovery," Plaintiff has not included any affidavit or declaration under Federal Rule of Civil Procedure 56(d) specifying the type of discovery he wishes to conduct and the material facts such discovery likely would produce. See FED. R. CIV. P. 56(d); Castro v. Tex. Dep't of Criminal Justice, 541 F. App'x 374, 377 (5th Cir. 2013)(noting that a party moving for a continuance on a motion for summary judgment pending discovery "must demonstrate how the requested discovery pertains to the summary judgment motion and must have diligently pursued the relevant discovery"). Consequently, the Court finds that Plaintiff has failed to show that there exists a genuine factual dispute precluding summary judgment or that the Court should defer ruling on the motion pending discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion for Summary Judgment* **(Rec. Doc. 49)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' *Motion for Leave to File Reply* **(Rec. Doc. 51)** is **DENIED as moot**.

New Orleans, Louisiana, this 24th day of February, 2015.

```
                    CARL J. BARBIER
                    UNITED STATES DISTRICT JUDGE
```