```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


LAURENT                                       CIVIL ACTION

VERSUS                                        NO: 14-2022

NEW ORLEANS CITY ET AL.                       SECTION: "J"(5)
```

**ORDER**

Before the Court is Defendant City of New Orleans (the City)'s *Rule 12(b)(6) Motion to Dismiss Wrongful Death Claim*. **(Rec. Doc. 73)** The City argues that the Court should dismiss Plaintiff's wrongful death claim because the Louisiana Workers' Compensation Act (LWCA) is the exclusive remedy for decedent's alleged work-related injury. In response, Plaintiff admits that "the [LWCA] bars his claim for the wrongful death of his father." (Rec. Doc. 75) The Court agrees.

The law in effect at the time of death controls a wrongful death claim. See, e.g., Meredith v. Asbestos Corp., Ltd., 97-2593 (La. App. 4 Cir. 2/18/98), 707 So. 2d 1334, 1336-37. It is alleged that decedent died of mesothelioma in 2013. (Rec. Doc. 73-1) At that time, the LWCA immunized employers against tort actions, including wrongful death actions.[1] Meredith, 707 So. 2d at 1336. Plaintiff consequently fails to state a claim for wrongful death in

---

[1] Unless the plaintiff alleges the occurrence of an intentional tort, Meredith, 707 So. 2d at 1335, which Plaintiff has not done here.

this case. See <u>Frank v. Shell Oil Co.</u>, 828 F. Supp. 2d 835, 847, 851 (E.D. La. 2011)(Fallon, J.). Therefore, for the reasons stated in the City's motion and memorandum and summarized above,

**IT IS HEREBY ORDERED** that the motion **(Rec. Doc. 73)** is **GRANTED**.

New Orleans, Louisiana this 26th day of May, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE