UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTT LAURENT | CIVIL ACTION
VERSUS | NO: 14-2022
NEW ORLEANS CITY, ET AL. | SECTION: "J" (5)

**ORDER & REASONS**

Before the Court are Defendant General Electric Company's *Motion for Summary Judgment* **(Rec. Doc. 87)** and Plaintiff Scott Laurent's opposition thereto **(Rec. Doc. 99)**, Defendant CBS Corporation's *Motion for Summary Judgment* **(Rec. Doc. 88)** and Plaintiff's opposition thereto **(Rec. Doc. 103)**, and Defendant Foster Wheeler, LLC's *Motion for Summary Judgment* **(Rec. Doc. 89)** and Plaintiff's opposition thereto **(Rec. Doc. 105)**.

Also before the Court are *Motions for Leave to File Reply* by GE **(Rec. Doc. 111)**, CBS **(Rec. Doc. 110)**, and Foster Wheeler **(Rec. Doc. 112)**. Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Defendants' motions for summary judgment should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from the December 10, 2013, death of Plaintiff's father, Frederick Laurent ("Mr. Laurent"), after he contracted mesothelioma as a result of exposure to asbestos. (Rec. Doc. 1.) Mr. Laurent allegedly was exposed to asbestos while working for the City of New Orleans' brake tag station from 1958 until 1986; at Gentilly Racing's Fair Grounds from 1970 to 1977; and as a member of the United States Naval Reserve in the 1950s and 1960s. (Rec. Doc. 1, Ex. B, ¶¶ VI-XXXIX; Rec. Doc. 50, p. 2.)

Plaintiff alleges that Mr. Laurent was exposed to asbestos-containing products manufactured by Defendants GE, CBS, and Foster Wheeler, among others. (Rec. Doc. 1, Ex. A, ¶¶ XXVI-XXVIII, XXXV-XXXVIII.) Plaintiff brought his wrongful death and survival action in Louisiana state court against GE, CBS, Foster Wheeler, and others on July 24, 2014. (Rec. Doc. 1, Ex. B.) The case was removed to this Court on September 4, 2014. (Rec. Doc. 1.) This Court denied Plaintiff's motion to remand on October 23, 2014. (Rec. Docs. 17, 32.) On August 14, 2015, Defendants GE, CBS, and Foster Wheeler each filed a *Motion for Summary Judgment* (Rec. Docs. 87, 88, 89). Plaintiff opposed the motions on September 1, 2015. (Rec. Docs. 99, 103, 105).

## PARTIES' ARGUMENTS

Defendants GE, CBS, and Foster Wheeler argue that Plaintiff's evidence is insufficient to establish Mr. Laurent's exposure to asbestos-containing products manufactured by Defendants. Plaintiff argues that he has supplied enough evidence to create genuine issues of material fact as to whether Mr. Laurent was exposed to asbestos-containing products manufactured by Defendants.

## LEGAL STANDARD

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing former Fed. R. Civ. Proc. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. Id. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. Id. "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the

record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." Weber v. Roadway Exp., Inc., 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted).

The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *[The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" Little, 37 F.3d at 1075 (emphasis in original) (citations omitted).

**DISCUSSION**

To prevail in an asbestos case in Louisiana, a plaintiff must establish by a preponderance of the evidence that (1) the claimant was exposed to asbestos from the defendant's product and (2) the exposure substantially caused the claimant's injury. Lucas v. Hopeman Bros, Inc., 2010-1037, p. 14 (La. App. 4 Cir. 2/16/2011); 60 So. 3d 690, 699-700. The plaintiff bears the

burden of proving these two facts, and proof can be made by direct or circumstantial evidence. Vodanovich v. A.P. Green Indus., Inc., 2003-1079, p. 5 (La. App. 4 Cir. 3/3/2004); 869 So. 2d 930, 933-34. A possibility or "unsupported probability" is not sufficient to support a judgment in the plaintiff's favor. Id. at 934. The plaintiff must establish his claim to a reasonable certainty. Id.

The claimant must show "significant exposure" to the defendant's asbestos-containing products. Lucas, 60 So. 3d at 700. In asbestos cases, "exposure" refers to "inhalation of asbestos fibers into the lungs." Abadie v. Metro. Life Ins. Co., 00-344, p. 69 (La. App. 5 Cir. 3/28/2001); 784 So. 2d 46, 93. The plaintiff can show "significant" exposure by demonstrating that the claimant actively worked with asbestos-containing materials. See McAskill v. Am. Marine Holding Co., 2007-0617, p. 14 (La. App. 4 Cir. 2/20/2008); 9 So. 3d 264, 268. At the summary judgment stage, the plaintiff must submit specific evidence showing potential exposure to the defendant's asbestos-containing products in order to create a genuine issue of material fact. See Thibodeaux v. Asbestos Corp., Ltd., 2007-1445, p. 14 (La. App. 4 Cir. 2/20/2008); 976 So. 2d 859, 867. Evidence of the physical presence of the defendant's asbestos-containing products at the claimant's place of employment is

insufficient to find liability or defeat the defendant's motion for summary judgment. Id.

After demonstrating that the claimant was exposed to the defendant's asbestos-containing products, the plaintiff must show that the product was a substantial factor in causing the claimant's injury. As Louisiana courts have recognized, medical science has demonstrated a causal relationship between asbestos exposure and mesothelioma. McAskill, 9 So. 3d at 268. Any non-trivial exposure to asbestos constitutes a substantial factor and a cause of mesothelioma. Id. Thus, the first element of the plaintiff's claim, exposure, collapses into the second. If the plaintiff is unable to show exposure, there is no need to determine whether the exposure was a substantial factor in causing the injury.

In Thibodeaux, the Louisiana Fourth Circuit Court of Appeal discussed the evidence necessary to prove substantial exposure at the summary judgment stage. 976 So. 2d at 863-87. The court referred to its earlier decision in Grant v. American Sugar Refining, Inc. as an example of sufficient evidence to show exposure. Id. at 863-65; see 2006-1180 (La. App. 4 Cir. 1/31/2007), 952 So. 2d 746. In Grant, the plaintiff alleged that he contracted mesothelioma after he was exposed to his father's asbestos-covered work clothes. 952 So. 2d at 747. In support of

his contentions, the plaintiff submitted evidence of his father's employment at the facility in question during the time the defendant installed insulation potentially containing asbestos. Id. at 749. Also, the plaintiff submitted depositions establishing that the defendant's products contained asbestos. Id. at 750.

In contrast, the Thibodeaux court found that the plaintiffs in that case failed to establish substantial exposure. 976 So. 2d at 867. The plaintiffs alleged that the defendant supplied asbestos-containing products to the claimant's workplace, but they failed to supply any evidence that the employer used asbestos during the claimant's employment or that the claimant was actually exposed to asbestos. Id. The evidence did not reveal any specific dates on which the employer purchased asbestos-containing products from the defendant or whether those dates coincided with the plaintiff's employment. Id. Thus, the court found that the plaintiffs failed to defeat the defendant's motion for summary judgment because the defendant was able to demonstrate a lack of factual support for their claim. Id. at 867-68.

Plaintiff's evidence falls short of the level required by the Fourth Circuit in Grant. Plaintiff relies on the expert report of Laurence Durio, who opined that Mr. Laurent was likely

exposed to asbestos while working on Navy ships and possibly in Navy schools. (Rec. Doc. 99, Ex. 4.) As a fireman apprentice, fireman, and machinery repairman, Mr. Laurent worked in the ship's "mechanical spaces" and was responsible for repairing and operating boilers, turbines, and related equipment. Id. The expert report states that the Navy "had a strong preference" for amosite asbestos, and it suggests that Mr. Laurent was exposed to this potent form of asbestos while working on boilers, turbines, and the like. Id.

Plaintiff also relies on the Declaration of Faye Pace, Mr. Laurent's former wife. (Rec. Doc. 99, Ex. 2.) The declaration states that Mrs. Pace visited a ship's engine room with her husband, who told her that he worked there when he was on duty. Id. Finally, Plaintiff states that he propounded discovery on GE, CBS, and Foster Wheeler, asking Defendants to admit whether they supplied machinery containing asbestos to the Navy. (Rec. Docs. 99, 103, 105). Defendants have yet to respond to these discovery requests. Id.

Plaintiff's evidence is insufficient to establish exposure to asbestos-containing products manufactured by GE, CBS, or Foster Wheeler. Even if Defendants supplied asbestos-containing machinery to the Navy, Plaintiff failed to produce evidence showing that Mr. Laurent was exposed to such machinery during

his employment. Evidence that Mr. Laurent worked in a ship's engine room and "mechanical spaces" does not show that he more probably than not worked on machinery manufactured by Defendants. Plaintiff has not produced evidence showing that Mr. Laurent inhaled asbestos fibers from Defendants' products into his lungs. As in Thibodeaux, Plaintiff failed to adduce evidence showing when Defendants supplied machinery to the claimant's employer and whether the claimant's employment coincided with those dates. Therefore, Plaintiff's evidence is insufficient to defeat GE, CBS, and Foster Wheeler's motions for summary judgment.

Plaintiff is unable to establish Mr. Laurent's exposure to asbestos or asbestos-containing products, so it is unnecessary to consider whether such exposure constituted a substantial factor in his injury.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant GE's *Motion for Summary Judgment* **(Rec. Doc. 87)**, Defendant CBS's *Motion for Summary Judgment* **(Rec. Doc. 88)**, and Defendant Foster Wheeler's *Motion for Summary Judgment* **(Rec. Doc. 89)** are **GRANTED.**

**IT IS FURTHER ORDERED** that GE's, CBS's, and Foster Wheeler's *Motions for Leave to File Reply* **(Rec. Docs. 110, 111, 112)** are **DENIED** as moot.

New Orleans, Louisiana this 9th day of September, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE